**BAPTIST HOSPITAL EAST, et al., Plaintiffs,**

v.

**Dr. Louis W. SULLIVAN, Secretary, Department of Health and Human Services, et al., Defendants.**

Civ. A. No. C 90–0059–L(A).

United States District Court,
W.D. Kentucky,
at Louisville.

April 2, 1991.

J. Larry Cashen, Robert A. Heath, Wyatt, Tarrant & Combs, Louisville, Ky., for plaintiffs.

James Barr, Asst. U.S. Atty., Bruce R. Granger, Chief Counsel, Lana Smith Senseniger, Asst. Regional Counsel, Region IV, U.S. Dept. of Health and Human Services, Atlanta, Ga., for defendants.

## MEMORANDUM OPINION

ALLEN, Senior District Judge.

This action pursuant to the Medicare program, Title XVIII of the Social Security Act, 42 U.S.C. § 1395 *et seq.*, to review the final decision of the Secretary of the Department of Health and Human Services ["Secretary"], is before the Court on cross motions for summary judgment. Fed.R. Civ.P. 56. Jurisdiction is proper pursuant to 42 U.S.C. § 1395*oo* (f). Plaintiffs are four acute care hospitals owned and operated by Baptist Hospitals, Inc., a nonprofit corporation located in Louisville, Kentucky.

All four hospitals participate in the Medicare program as "providers" of health services to Medicare beneficiaries.

Plaintiffs seek reversal of the Secretary's decision as "arbitrary, capricious, an abuse of discretion," and "unsupported by substantial evidence." 5 U.S.C. § 706(2). The Secretary held that reimbursement to plaintiffs for their loss on defeasance in 1983 must be amortized over periods of time ranging from eight to forty years rather than paid in its entirety in the fiscal year incurred. Based on the parties' voluminous briefs and other materials of record, and for the reasons briefly set forth below, plaintiffs' motion for summary judgment will be granted.

Plaintiffs' entitlement to reimbursement for a loss of $16,056,199 is undisputed. The only question presented concerns the timing of the reimbursement. In February 1982 Baptist Hospital, Inc., issued Kentucky Development Finance Authority Series 1982 bonds. The interest rates on these tax-exempt bonds ranged from 8.75% up to 14.65%; the call date was September 1, 1991. In 1983 Baptist Hospital arranged to defease the Series 1982 bonds through advance refunding because interest rates had fallen significantly. Baptist Hospital then issued Series 1983 tax-exempt bonds with interest rates ranging from 5.75% up to 10.25%. As a result of the defeasance (advance refunding of existing debt) of the Series 1982 bonds, plaintiffs incurred the $16 million loss.

After the intermediary, Blue Cross and Blue Shield Association, disallowed portions of plaintiffs' loss, plaintiffs filed a request for an evidentiary hearing before the Provider Reimbursement Review Board ["Board"]. 42 C.F.R. § 405.1835ff. Following a two-day hearing, the Board issued an opinion and decision holding that plaintiffs were entitled to take the full loss in the fiscal year incurred. According to the Board:

[L]oss on defeasance is an allowable cost under 42 C.F.R. 405.451 and is to be reimbursed in its entirety in the fiscal year at issue. Under GAAP [generally accepted acounting principles], the loss

on defeasance was a cost incurred in FY 83. This accounting treatment conforms with the requirement found in 42 C.F.R. 405.406 that providers follow standardized accounting practices, and that found in 42 C.F.R. 405.453 to the effect that providers furnish adequate cost data based on the accrual method of accounting.

Board Opinion at 9, Appendix 2, Plaintiffs' Memorandum in Support of Summary Judgment.

Subsequently, the Administrator of the Health Care Financing Administration ["HCFA"] reversed the Board's decision, holding that plaintiffs must amortize a major portion of the loss over a period of eight years with the balance over periods ranging up to forty years. Administrator Opinion at 12, App. 1, Plaintiffs' Mem.

Plaintiffs initially note that although the Medicare Act authorizes the Secretary to promulgate regulations regarding the determination of reasonable costs, 42 U.S.C. § 1395x(v), regulations specifically applicable to the treatment of a loss on defeasance do not exist. Under 42 C.F.R. § 405.406, providers are directed to adhere to accounting practices customary in the hospital industry. Pursuant to 42 C.F.R. § 405.453, providers must submit cost data based on the use of the accrual basis of accounting; accrual accounting, under either GAAP or Medicare regulations, requires recognition of a loss when it is incurred, "regardless of when paid." 42 C.F.R. § 405.453(b)(2). Pursuant to 42 C.F.R. § 405.402, Medicare payments are based on current costs as reported.

The Secretary argues that the above-referenced regulations do not control the instant question. Rather, the Secretary maintains that he is entitled to follow Sections 215 and 215.1 of the Provider Reimbursement Manual ["Manual"], which require that providers' gains or losses on refundings be amortized over a number of years.

The Secretary's position, however, directly conflicts with *Ravenswood Hospital Medical Center v. Schweiker*, 622 F.Supp. 338 (N.D.Ill.1985). The district court in

*Ravenswood* reversed the Secretary's decision that pursuant to Section 215.1 of the Manual, the provider had to amortize its lose through advance refunding. The plaintiff-provider argued that the Secretary's decision was arbitrary and capricious in that the Manual provision at issue as well as the decision contravened the Medicare Act and regulations, namely, 42 C.F.R. §§ 405.402, 405.406, and 405.453. *Id.* at 344. According to the district court, the Secretary's insistence that amortization is necessary to match current costs of providing beneficiaries with services as they are rendered leads to irrational inconsistencies. *Id.* While the Secretary insisted that losses must be amortized, with respect to gains the Secretary did not require a matching of costs to services and allowed reporting of the gain in one year unless the gain increased the hospital's medicare costs, in which case it had to be spread out over twenty years.

■ Other cases hold that unless the Secretary promulgates a regulation delineating a specific accounting practice, the Secretary must apply generally accepted accounting principles to determine whether providers' claimed costs are reimbursable. *HCA Health Services of Midwest, Inc. v. Bowen,* 869 F.2d 1179, 1182 (9th Cir.1989); *National Medicare Enterprises v. Bowen,* 851 F.2d 291, 293 (9th Cir.1988); *Villa View Community Hospital, Inc. v. Heckler,* 720 F.2d 1086, 1093 n. 18 (9th Cir.1983).

In *Charlotte Memorial Hosp. and Med. Center, Inc. v. Bowen,* 860 F.2d 595 (4th Cir.1988), plaintiff-provider sought reimbursement for deferred compensation owed to physicians and placed in certificates of deposit and savings accounts. Although plaintiff complied with GAAP, the Intermediary, in relying on a Manual provision that departed from GAAP, disallowed the claim on the grounds that the provider was not entitled to reimbursement until the doctors actually received the compensation. The Secretary contended that this deviation was appropriate because GAAP do not reflect the cost of patient care. *Id.* at 598.

The Fourth Circuit in *Charlotte* affirmed the district court's holding that the Secretary's regulatory interpretations are inconsistent with the regulation requiring the application of accrual accounting and providing that a hospital should receive reimbursement when it incurs a cost. *Id.* at 597. Moreover, according to the Fourth Circuit:

> Even if the Secretary, in the absence of an enabling regulation, is authorized to prescribe regulatory interpretations that conflict with GAAP, a proposition we do not decide today, the Secretary would be at the very limit of his authority in doing so. Accordingly, such interpretations would be subject to greater scrutiny than interpretations which are consistent with GAAP....

*Id.* at 600.

■ Here, we believe we must decide the issue which the the *Charlotte* opinion did not specifically reach. Accordingly, we hold that the Secretary's interpretation in the instant action may not be adopted because it conflicts with the regulations requiring that GAAP be followed.

A judgment in accordance with this opinion has entered this date.

### JUDGMENT

This action having come before the Court on cross motions for summary judgment, Fed.R.Civ.P. 56, and the Court having entered its memorandum opinion, after due consideration with the Court sufficiently advised,

IT IS ORDERED AND ADJUDGED that plaintiffs' motion for summary judgment be, and hereby is, granted.

IT IS FURTHER ORDERED that defendants' motion for summary judgment affirming the final decision of the Secretary be, and hereby is, denied.

IT IS FURTHER ORDERED that the Secretary's final decision be, and hereby is, reversed.

IT IS FURTHER ORDERED that plaintiffs' loss on defeasance shall be reimbursed by the Medicare program in its entirety in the fiscal year incurred, namely, 1983.

IT IS FURTHER ORDERED that plaintiffs shall receive interest on all funds owed to them pursuant to Section 1878(f)(2) of the Medicare Act, 42 U.S.C. § 1395oo (f)(2).

IT IS FURTHER ORDERED that on or before May 20, 1991, defendants shall remit to plaintiffs all funds owed to them pursuant to this order, together with interest thereon as set forth above.

This is a final and appealable order, and there is no just cause for delay.