**BAPTIST HOSPITAL EAST, et al., Plaintiffs,**

**v.**

**Dr. Louis W. SULLIVAN, Secretary, Department of Health and Human Services, et al., Defendants.**

**Civ. A. No. C90–0059–L(A).**

United States District Court, W.D. Kentucky, at Louisville.

April 5, 1993.

---

J. Larry Cashen, Robert A. Heath, Wyatt, Tarrant & Combs, Louisville, KY, for plaintiffs.

James Barr, Asst. U.S. Atty., Lana Smith Sensenig, Asst. Regional Counsel, U.S. Dept. of Health and Human Services, Atlanta, GA, for defendants.

### MEMORANDUM OPINION

ALLEN, Senior District Judge.

This action is submitted to the Court on plaintiffs' motion to enforce this Court's judgment and accompanying memorandum opinion, entered April 2, 1991, 767 F.Supp. 139, granting summary judgment in favor of plaintiffs in their action for judicial review pursuant to 42 U.S.C. § 1395oo(f)(1). Having examined the parties' memoranda[1] as well as other relevant materials of record, for the reasons discussed below, plaintiffs' motion will be granted.

The Court's judgment, in reversing a decision by the Secretary's Health Care Financing Administration ["HCFA"], ordered that plaintiffs' loss on defeasance costs in 1983 be reimbursed by the Medicare program in its entirety in the fiscal year incurred. The judgment also specified that the defendants, Dr. Louis M. Sullivan,[2] Secretary, Department of Health and Human Services, and the Department of Health and Human Services [collectively the "Secretary"], pay interest on

---

1. The parties' voluminous memoranda consist of the following: (1) plaintiffs' motion to enforce the Court's judgment with accompanying memorandum in support, (2) defendants' memorandum in opposition, (3) plaintiffs' reply memorandum in support, (4) defendants' reply thereto, and (5) plaintiffs' response thereto.

2. On January 22, 1993, Donna E. Shalala succeeded Louis W. Sullivan, M.D., as Secretary of Health and Human Services. Accordingly, pursuant to Fed.R.Civ.P. 25(d)(1), the new Secretary is a substituted defendant in this action.

this amount pursuant to Section 1878(f)(2) of the Medicare Act, 42 U.S.C. § 1395oo(f)(2). Finally, the judgment directed that all funds, both principal and interest, owed plaintiffs were to be paid no later than May 20, 1991.

The parties' dispute concerns the issue of how to treat the partial payments plaintiffs received from the HCFA prior to filing the underlying action for judicial review.[3] Plaintiffs assert that the Secretary's calculation of interest owed pursuant to the Court's judgment and the applicable Medicare litigation interest statute, 42 U.S.C. § 1395oo(f)(2), is contrary to law. The Secretary claims plaintiffs have been paid in full.

The material facts are undisputed. Plaintiffs' total loss on defeasance was $16,056,199, of which $5,956,722 was the Medicare portion at issue in this action. See Complaint. Prior to the judgment, the HCFA had partially reimbursed plaintiffs' loss by amortizing a major portion of the amount over a period of eight years with the balance amortized over periods ranging up to forty years. See Memorandum Opinion at 140.

As a consequence, plaintiffs received payments from the HCFA in 1985, 1987, 1989, and 1990. After entry of this Court's judgment, the HCFA made two additional payments, both in 1991, in an effort to comply with the judgment. However, when the HCFA made those post-judgment payments, it initially applied the payments first against principal and then to interest. Although the HCFA later corrected this error, it never allocated any portion of the prior payments against interest owed.

It also is undisputed that the HCFA paid plaintiffs a total of $7,942,254, an amount that the Secretary regards as payment in full of both principal ($5,956,722) and interest ($1,985,532) owed. Plaintiffs, however, maintain that the $7,942,254 they collectively received is less than full payment. According to plaintiffs' calculations, of the total payments received, the sum of $5,484,247 went toward principal and the sum of $2,458,007 went toward interest. Therefore, plaintiffs seek an additional sum of $472,475 as unpaid principal ($5,956,722 debt less $5,484,247 paid) plus accrued but unpaid and accruing interest. See Plaintiffs' Memorandum in Support, Exhibit B [Affidavit of Carl G. Herde, Controller of Baptist Healthcare System, Inc.].

■ Finally, the parties also are in agreement agree that the United States Rule, a common law principle of accounting, applies. Under this rule, partial payments on a debt are applied first to satisfy accrued interest on the debt, with the balance of payments, if any, applied to principal.[4] Story v. Livingston, 38 U.S. (13 Pet.) 359, 371, 10 L.Ed. 200 (1839), and its progeny. The Secretary, however, argues that pursuant to agency regulations interpreting the interest statute, specifically, 42 C.F.R. § 413.64(j)(2), plaintiffs are entitled to interest only on principal that was outstanding on January 26, 1990, the date on which plaintiffs filed the underlying action for judicial review.

Although the Secretary recognizes that the term, "amount in controversy," found in the interest statute has different meanings in different contexts, the Secretary nonetheless argues that Congress intended that the term mean the amount in dispute at the time a plaintiff files an action for judicial review less any payments made to such plaintiff prior to the filing of said action. Plaintiffs dispute the Secretary's view, arguing that if accepted, the Secretary will not be required to pay plaintiffs the "time value of money" for their $5,956,722 loss in 1983 as required by the judgment and the statute.

Significantly, neither party provided case authority directly on point, and the Court's own research also failed to uncover such a

---

3. It is important to note that plaintiffs' action for reimbursement concerned the substantive issue of the Secretary's *timing* of payments to plaintiffs, not the amount of payments due. See Memorandum Opinion at 140; *infra* at n. 7.

4. The parties' briefs also reflect apparent confusion and disagreement regarding the Secretary's position in this matter at the time plaintiffs filed the *instant motion*. See, e.g., Plaintiffs' Mem. in Support at 10–12 and Defendants' Mem. in Opposition at 1–3.

case.[5] In addition, after reviewing the decisions relied upon by the parties, the Court is of the opinion that these various decisions offer only limited guidance.[6]

The Medicare litigation interest statute, 42 U.S.C. § 1395oo(f)(2), provides in relevant part:

> Where a provider seeks judicial review pursuant to [42 U.S.C. § 1395oo(f)(1)], the amount in controversy shall be subject to annual interest beginning on the first day of the first month beginning after the 180–day period [following notice of the agency's determination] ... to be awarded by the reviewing court in favor of the prevailing party.

42 U.S.C. § 1395oo(f)(2).

The regulation relied upon by the Secretary, 42 C.F.R. § 413.64(j) [*interest payments resulting from judicial review*] at subsection (2), provides:

> (2) *Amount due.* Section 1878(f) of the [Medicare] Act, 42 U.S.C. § 1395oo(f), authorizes a court to award interest in favor of the prevailing party on any amount due as a result of the court's decision. If the intermediary withheld any portion of the amount in controversy prior to the date the provider seeks judicial review by a Federal court, and the Medicare program is the prevailing party, interest is payable by the provider only on the amount not withheld. Similarly, if the Medicare program seeks to recover amounts previously paid to a provider, and the provider is the prevailing party, interest on the amounts previously paid to a provider is not payable by the Medicare program since that amount had been paid and is not due the provider.

42 C.F.R. § 413.64(j)(2) (1991).

The Court is of the opinion that the Secretary's reliance on this regulation is misplaced. First, the regulation's applicability to the instant case appears marginal in view of the fact that the *amount* of plaintiffs' loss on defeasance costs in 1983 was never in controversy.[7] Rather, the various payments made to plaintiffs by the HCFA over a period of years—whether prior to plaintiffs' action for judicial review or prior to the Court's judgment the following year—*were made when they were made* because of the government's decision to amortize plaintiffs' loss on defeasance, a decision reversed by this Court.

In addition, the interest statute itself is expressly directed to the judiciary—interest shall be "awarded by the reviewing court in favor of the prevailing party." 42 U.S.C. § 1395oo(f)(2). Accordingly, the Secretary's regulation is not entitled to deference by this Court as urged by the Secretary. A precondition to deference under *Chevron, supra* at n. 6, and its progeny is a congressional delegation of administrative authority. *Bowen v. Georgetown University Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988).

In *Tucson Medical Center v. Sullivan,* 947 F.2d 971 (D.C.Cir.1991), the Court of Appeals for the D.C.Circuit rejected the Secretary's identical argument concerning 42 U.S.C. § 1395oo(f)(2) and a companion regulation, 42 C.F.R. 413.64(j)(1), to the one urged here. The Court of Appeals reasoned that the deference "normally accorded to the administrative agency's interpretation of its own statute is simply inapplicable when the statutory provision is not one directed to the agency's administration of the law." *Id.* at 981.

In 1974 Congress enacted amendments to the Medicare Act, including the litigation interest statute at issue here. Senator Long, who was the chairperson of the Finance

---

5. The Secretary concedes that the issue raised in the instant dispute "has never been squarely addressed." Defendant's Reply at 7.

6. For example, plaintiffs rely on *Georgetown University Hospital v. Sullivan,* 934 F.2d 1280 (D.C.Cir.1991). The Secretary relies on, for example, *Chevron U.S.A. v. Natural Resource Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1983), and its progeny (for deference to agency regulations), and on *Hospital Ass'n of Rhode Island v. Secretary of HHS,* 820 F.2d 533, 537 n. 9 (1st Cir.1987) (for amount in controversy).

7. As stated in the Court's Memorandum Opinion, "The only question presented [is] the timing of the reimbursement." *Id.* at 140.

**428**

Committee as well as the principal supporter of the amendments, stated on the Senate floor that "any amount in controversy would be subject to annual interest." *Tucson* at 981 n. 13. Representative Ullman, who introduced the conference report on the amendments to the House, stated on the House floor that "interest would be paid to the party that won." *Id.* As noted by the Court of Appeals in *Tucson*, from the legislative history, it appears that Congress' main intent in enacting the interest statute was to compensate winning parties, providers or the government, for the "time value of money wrongfully withheld." *Id.* This Court agrees.

In sum, as the single underlying substantive issue in this action was the timing of payment for plaintiffs' undisputed $5,956,722 loss on defeasance in 1983, to sustain the position urged here by the Secretary, thereby permitting the Secretary to avoid application of the United States Rule to the prior payments made to plaintiffs, would undermine the intent of Congress as well as the judgment of this Court reversing the Secretary.

An order in accordance with this memorandum opinion has entered this date.

### ORDER

This matter having come before the Court on plaintiffs' motion to enforce the judgment entered April 2, 1991, and the Court having entered this date its memorandum opinion, accordingly, after due consideration with the Court otherwise fully advised,

IT IS ORDERED that plaintiffs' motion to enforce the above-referenced judgment be, and hereby is, granted.

IT IS FURTHER ORDERED that within sixty (60) days of the date of this order, defendants shall pay to plaintiffs all remaining amounts due pursuant to the judgment entered April 2, 1991.

IT IS FURTHER ORDERED that to the extent defendants have made or make partial payments to plaintiffs with respect to amounts owed plaintiffs under the Court's judgment of April 2, 1991, such partial payments shall be allocated first to the interest

that had accrued on the judgment under 42 U.S.C. § 1395oo(f)(2) as of the date of the partial payments, with the balance of the payments, if any, applied to the principal debt.

IT IS FURTHER ORDERED that the amount due to be paid to each of the four plaintiffs shall be calculated in accordance with the schedule set forth in the tendered order accompanying plaintiffs' motion to enforce.

IT IS FURTHER ORDERED that plaintiffs are entitled to interest on the judgment entered April 2, 1991, calculated until the date of payment in full of said judgment.

This is a final and appealable order, and there is no just cause for delay.